Filed 4/13/23  P. v. Vig CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PARIS JOSEPH VIG, II,<br><br>    Defendant and Appellant. | E080012<br><br>(Super.Ct.No. FVI22002030)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  David E. Driscoll, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant and appellant, Paris Joseph Vig, II, pled no contest to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).[1] Pursuant to the plea agreement, the court sentenced defendant to 16 months of imprisonment.

After defendant filed an appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a statement of the facts.

We offered defendant the opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On July 19, 2022, a patrol officer noticed a vehicle with an obstructed license plate. As the officer followed, he witnessed the driver commit another vehicle code violation; the officer initiated a traffic stop. After approaching the vehicle, the officer observed a fixed-blade knife on the center console. The officer drew his firearm and ordered defendant to exit the vehicle.

A records check revealed that defendant did not have a valid driver's license. The officer placed defendant under arrest. During a search of the vehicle, the officer found a loaded revolver between the center console and passenger seat. The People charged defendant by felony complaint with being a felon in possession of a firearm (§ 29800,

---

[1] All further statutory references are to the Penal Code.

[2] The parties stipulated that the complaint and police reports would provide the factual basis for the plea.

subd. (a)(1), count 1) and the unlawful carrying of a loaded handgun (§ 25850, subd. (a), count 2).

Pursuant to a negotiated plea agreement, defendant pled no contest to being a felon in possession of a firearm (§ 29800, subd. (a)(1), count 1).  In return, on the People's motion, the court dismissed the count 2 offense.  Pursuant to the plea agreement, the court sentenced defendant to 16 months of imprisonment.

Defendant appealed and requested the court issue a certificate of probable cause. The court denied the request.

## II.  DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                                                                                                    J.

We concur:


RAMIREZ _____
                         P. J.


CODRINGTON _____
                                J.

3